SOUTH AMERICA, The (TYLER v.). See Case No. 14,311.

SOUTH AMERICA. The (WARNER v.). See Case No. 17,190.

## Case No. 13,180a.

### The SOUTH AMERICA v. WARRAN.

[21 Betts, D. C. MS. 137.]

District Court, S. D. New York. 1853.

COLLISION—DAMAGES—DEMURRAGE DURING REPAIRS.

[Demurrage for detention of vessel injured in collision cannot be calculated on the basis of what she was earning per day at the time, not being under hire or charter. The proper basis is the market value of the hire of the vessel for the time of detention. Williamson v. Barrett, 13 How. (54 U. S.) 101, followed.]

[This was a libel for demurrage by the steamboat South America, Millan and others, claimants, against Sylvester Warran.]

BETTS, District Judge. The commissioner reported $20 per day for 22 days demurrage during the reparation of the sloop, for injuries received from the steamboat in the collision with her. The valuation is placed upon the proof that the sloop at the time of the collision was earning $20 per day. The crew and master remained with the sloop during the time she was undergoing repairs, and no allowance for that expense or charge was made the libellant in the report, other than through that valuation of the demurrage The libellants except to the demurrage, because it represents the probable profits and earnings of the sloop and not the proved value of her time during the detention. The exception is well taken for that cause. In The Rhode Island [Case No. 11,745], this court held that in estimating damages sustained by a collision, the current or supposed earnings of the injured vessel could not be taken as the measure of loss, during the period she was under repair. That decision was affirmed on appeal. The supreme court lay down the rule for the estimation of damages in like cases, when the vessel is not on charter, to be the market price of the hire of the vessel for the term. Williamson v. Barrett, 13 How. [54 U. S.] 101, 112. The judges who dissented from the opinion placed their objection on the ground that no valuation of damages was allowable beyond the actual damages received at the time and place of the injury, and could not be computed forward beyond that limit. Both branches of the court repudiate the idea of giving profits or losses following the injury, as part of the indemnity, and accordingly, that rule ought not to be regarded as open to any equitable enlargement which might amount to the same thing. Even should it be found that the mode of valuation adopted by the commissioner would lessen the charge upon the colliding vessel in this case, that consideration will not bar her owners the right of requiring the report to be made in conformity to the rule of law. With all respect it does not appear to me that the doctrine admitted by the dissentient judges is contravened by an allowance ex parte of the actual loss sustained by the injured vessel, for the time she is devoted to being made what she was when

the tort was committed. The illustration of the doctrine may seem exaggerated, but the principle would be clearly involved by supposing the sloop was under day hire and had been sunk by collision, and by the application of instant means of relief and great exertions had been raised and repaired the same day, but with the loss to her of that day's hire. It seems to me the last item would go into the amount of damages to the owner, under the same principle that gives him the cost of raising her, and it is not easy to perceive, what principle of law would compensate him for her detention a day at the bottom of the river which would not equally apply when the detention is in a ship-yard.

Whether or no the views of the members of the supreme court are susceptible of reconciliation, with each other, the law must be taken from the doctrine declared by the majority. The commissioner ought to have taken proof of the market or merchantable price or value of the sloop with her equipments in the employment in which she was engaged, and have allowed the libellant that price for the period she was delayed in receiving her necessary repairs, as she was not at the time under a charter or stipulated hire. Exceptions allowed, with costs, and a re-reference ordered to estimate the damages on this principle.